﻿Citation Nr: AXXXXXXXX
Decision Date: 11/27/19 Archive Date: 11/27/19

DOCKET NO. 191030-41102
DATE: November 27, 2019

ORDER

From March 15, 2018, entitlement to a total disability rating for individual unemployability (TDIU) is granted, subject to the laws and regulations governing the award of monetary benefits. 

FINDING OF FACT

Resolving all reasonable doubt in favor of the Veteran, the Veteran’s service-connected disabilities have been of sufficient severity to preclude him from obtaining and maintaining substantially gainful employment since March 15, 2018.

CONCLUSION OF LAW

The criteria for TDIU due to service-connected disabilities on a schedular basis have been met as of March 15, 2018. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.16, 4.19, 4.25.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from June 1954 to June 1957.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from an August 2018 rating decision and October 2019 statement of the case (SOC) of the Regional Office (RO) of the Department of Veterans Affairs (VA). On October 30, 2019, the Veteran elected to participate in the VA initiative under the Appeals Modernization Act and elected to appeal to the Board by direct review, a process in which the Board decision is based upon the evidence of record at the time of the prior decision. 

Entitlement to individual unemployability is granted.

The Veteran filed his application for TDIU in March 2018 and contends that he is entitled to TDIU as a result of his service-connected disabilities. 

Of note, an August 2018 rating decision denied TDIU. In the August 2018 rating decision, the RO also granted the Veteran’s March 2018 claim of service connection for bilateral hearing loss and granted service-connection for right ear and left ear conditions effective March 15, 2018 (the date the Veteran filed the claims). Subsequently, a September 2018 rating decision increased the Veteran’s service-connected bilateral hearing loss from an initial 10 percent to 50 percent rating effective August 9, 2018. These issues are not in appellate status.

Total disability will be considered to exist when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. 38 C.F.R. § 3.340. Total disability ratings for compensation may be assigned, where the schedular rating is less than total, when the disabled person is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, provided that, if there is only one such disability, the disability shall be ratable at 60 percent or more, and that, if there are two or more service-connected disabilities, at least one must be rated at 40 percent or more and the combined rating must be 70 percent or more. 38 C.F.R. § 4.16 (a). Disabilities resulting from common etiology or a single accident will be considered as one disability.

In this case, the Veteran’s service-connected disabilities as of August 9, 2018 includes hearing loss at 50 percent effective August 9, 2018, right ear at 30 percent and left ear at 20 percent both effective March 15, 2018. The following disability ratings are effective May 24, 2011: right foot at 20 percent, left foot at 10 percent, right hand at 20 percent, left hand at 20 percent. He has a combined disability rating of 90 percent.

The combined disability rating is 80 percent as of March 15, 2018. In this case, although the combined rating is 80 percent prior to August 9, 2018, the Veteran did not have at least one disability rated at 40 percent.

Nevertheless, as the Veteran’s service-connected bilateral ear, bilateral foot, bilateral hands disabilities are part of the same disease process (residuals of in- service cold injury/frostbite). See VA August 2018 and September 2014 VA Cold Injury Residuals Disability Benefits Questionnaire DBQ). These disabilities combine to 60 percent and are considered as one disability. Accordingly, the Veteran’s service-connected disabilities meet the schedular rating criteria for the assignment of a TDIU during the period on appeal.

The question then becomes whether his service-connected disabilities prevent him from obtaining or maintaining substantially gainful employment.

The Board finds that the Veteran’s claim for TDIU is warranted. 

Based on the Veteran’s March 2018 TDIU application, he was last employed full-time in January 2000, as a clerk for the United States Postal Service. He reported two years of college.

In May 2018, a VA Form 21-4192 request for employment information form was returned from the United States Postal Service (USPS) Human Resources Department. The document confirmed that the Veteran last worked full-time in January 2000 as a review clerk. Optional retirement was listed as the reason the Veteran is not working. However, in his October 2019 substantive appeal and consistent statements, the Veteran and his representative assert that he was unable to work due to hearing loss and pain throughout his foot and hands.

At the September 2014 and August 2018 VA examinations for cold injury residuals including bilateral hand, feet and ear, the VA examiners reported that the Veteran’s cold injury residuals from frostbite did not impact his ability to work. However, the September 2014 examiner explained that a number of long-term sequelae can occur after frostbite. These include: transient or permanent changes in sensation, paresthesia, increased sweating, cancers, and bone destruction/arthritis in the area affected. The Veteran reported numbness and cold sensitivity in his extremities to the examiner.

Furthermore, the May 2018 VA examination report supported the Veteran’s service-connection claim for hearing loss and the initial 10 percent evaluation, and the August 2018 private examination report supports the Veteran’s hearing loss rating increase from 10 to 50 percent. Both examiners concluded that the Veteran’s hearing loss impacts his conditions of daily life, including ability to work. The May 2018 VA examiner noted that the Veteran reported difficulty understanding speech, particularly in areas of background noise.

While the Veteran attended two years of college, he never obtained an undergraduate degree and thus possesses only a high school diploma. The Veteran previously held long-term employment from 1961 to 2000 as a clerk for the United States Postal Service. He indicated that he left work due to worsening hearing loss and pain in his feet and hands from his service-connected disabilities. 

Further, the VA 2018 treatment records indicate that the Veteran experienced chronic pain and was prescribed a cane for ambulation. While the VA treatment record note good range of motion in the Veteran’s extremities. A VA treatment note also reported that by observation the Veteran appears to have instability with functional mobility. Moreover, the Veteran’s 2018 VA examiner and private treating physician both reported his hearing loss impacts his ability to work because he has difficulty understanding speech. Thus, the Veteran’s collective symptoms from his service-connected disabilities have impaired his ability obtain or maintain substantially gainful employment.

In addition, the Board has considered Veteran’s lay statements and his representative contentions, including his assertion that the Veteran’s VA cold injury examinations are inadequate because the examiners did not consider the collective effect of all the Veteran’s service-connected disabilities.

The Board finds that the evidence is at the very least in equipoise as to whether the Veteran’s service-connected disabilities are so severe as to prevent him from securing or following substantially gainful employment. Therefore, resolving all reasonable doubt in favor of the Veteran, his claim for TDIU is granted, from March 15, 2018, the date that the Veteran filed the claim. 

 

 

MATTHEW W. BLACKWELDER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Franklin, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.